DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-141-RLV
(5:13-cr-95-RLV-DCK-1)

| | | |
|---|---|---|
| JOSE REMIGIO MARTINEZ-ZAMBRANO, | ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court following receipt of Petitioner's response to the Court's prior Order requiring Petitioner to explain why his 28 U.S.C. § 2255 motion to vacate is not time-barred and, if it is time-barred, why equitable tolling should apply. For the following reasons, the Court dismisses the § 2255 petition as time-barred.

**I. BACKGROUND**

On October 31, 2013, Pro se Petitioner Jose Remigio Martinez-Zambrano pled guilty to reentry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Criminal Case No. 5:13-cr-95-RLV-DCK-1, Doc. No. 16: Judgment; Doc. No. 9: Acceptance and Entry of Guilty Plea). On October 6, 2014, this Court sentenced Petitioner to 41 months of imprisonment, plus one year of supervised release. Judgment was entered on October 15, 2014, and Petitioner did not appeal. (Id.). Petitioner placed the Section 2255 motion to vacate in the prison system for mailing on November 18, 2015. Petitioner contends in the petition that because he is a deportable alien, he should have been entitled to a downward departure, and he seeks to have this Court reduce his sentence by four months, to 37 months of imprisonment. He also contends that

1

his counsel was ineffective for failing to move for a downward departure based on his status as a deportable alien. In support of his claim, Petitioner cites a 1994 case from the District of Columbia Circuit Court of Appeals, in which that court noted that "we conclude that a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." United States v. Smith, 27 F.3d 649, 651-52 (D.C. Cir. 1994).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, Petitioner's judgment on his conviction was entered on October 15, 2014, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final fourteen days later on October 29, 2014, when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year, or until October 29, 2015, in which to file a timely petition. Petitioner did not place the § 2255 motion to vacate, however, in the prison system for mailing until November 18, 2015. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) appears to apply to render the petition timely.

On December 7, 2015, this Court entered an Order giving Petitioner 20 days in which to submit a memorandum explaining why his petition is timely or, if not, the reasons for why the Court should apply equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Petitioner has filed a response to the Court's order, in which he contends that the petition is timely under 2255(f)(4) because he filed the petition within one year of discovering United States v. Smith, 27 F.3d 649, 651-52 (D.C. Cir. 1994), which he contends supports his claims. (Doc. No. 3 at 2). Section 2255(f)(4) does not apply to render the petition timely, as a judicial opinion such as Smith, which merely "establish[ed] an abstract proposition of law arguably

3

helpful to the petitioner's claim," is not a "fact" within the meaning of § 2255(f)(4). See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). Therefore, that Petitioner filed his motion to vacate within one year of discovering the Smith case does not render his motion to vacate timely. Furthermore, Petitioner asserts no other ground for timeliness, and he does not present circumstances warranting equitable tolling. Thus, the petition will be dismissed as time-barred.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 8, 2016

*[signature]*

Richard L. Voorhees
United States District Judge

4